(33 Misc. Rep. 349.)

## LYMAN v. MURPHY.

(Supreme Court, Special Term, New York County. December, 1900.)

1. Intoxicating Liquors—License—Consent of Property Owners—Obtaining—Good Faith—Revocation—Defense.

Where the applicant for a liquor tax certificate employed a person expert in such matters to obtain the consents of the owners of the property within 200 feet of the nearest entrance to the saloon, as required by Liquor Tax Law, § 17, but one of the persons signing such consent was a lessee of the property, without authority to execute such consent, and another was the owner's agent, also without such authority, the fact that the applicant acted in good faith in obtaining such consents is no defense to an action to revoke his certificate for failure to have the requisite number of valid consents.

2. Same—Consents Subsequent to Certificate.

The fact that the owners of the property whose consents were not obtained previous to issuing the certificate subsequently executed valid written consents is not a defense to an application for the revocation of the certificate for failure to have such valid consents, since the requisite number of valid consents must be filed at the time the application for the certificate is made, and consents subsequently made cannot be considered.

3. Same—Costs.

The holder of a liquor tax certificate having acted in good faith in obtaining the consents required by law, and the two owners whose valid consents had not been previously obtained having made such consents, and the charge that he had sold liquor on Sunday not being established, the costs on the application for the revocation of the certificate will not be taxed against him, since the cancellation of the certificate is a sufficiently severe penalty.

Application by Henry H. Lyman for a revocation of the liquor tax certificate of John W. Murphy. Granted.

H. H. Kellogg, for plaintiff.
Page & Eckley, for defendant.

ANDREWS, J. This is an application by the state commissioner of excise for an order revoking a liquor tax certificate which was issued April 25, 1900, by the special deputy commissioner of excise for the boroughs of Manhattan and the Bronx to one John W. Murphy. The application is made on two grounds: (1) That the consents required by section 17 of the liquor tax law were not filed; and (2) that liquor was sold in Murphy's place on Sunday. It appears by the papers that it was necessary to obtain the consents of the owners of 12 pieces of property which were within 200 feet of the nearest entrance to Murphy's premises. For the purpose of procuring such consents Murphy employed one Davis, who is an expert in excise matters, having been for two years auditor of the state excise department and thereafter manager of the excise department of bond companies. Davis procured consents signed by all persons whom he believed to be the owners of such properties, and those consents were duly filed, and the liquor tax certificate was thereupon issued to Murphy. It now appears, however, that two of the eight consents which it was necessary to obtain under the statute were signed by persons who were not the owners of the properties for

which such consents were given, and who were not authorized by the owners to give the same. One of these two was signed by Louise Willmer, who was not the owner of the premises No. 224 East 128th street, or the agent of the owner, but was merely lessee of the premises, and who, as such lessee, had no authority to sign such consent. The other of the two invalid consents was signed by J. William Keiser, who was stated upon the consent to be the "duly-authorized agent for the Kane estate, Nos. 206 and 232 East One Hundred and Twenty-Eighth street." It appears that those premises were not owned by the Kane estate, but by one Schuetze. Keiser was the agent of the owner, but was only authorized to rent the place, collect the rents, and make repairs, and had no authority to give such consent. Since this proceeding was commenced the real owners of the premises for which Mrs. Willmer and Keiser gave such consents have executed written consents which were in the form required by the statute. This matter was sent to a referee, who took proofs and reported the same to the court, and the motion to vacate the tax certificate is made upon such report.

The opposition to the granting of the certificate is made upon the grounds (1) that Murphy acted in perfect good faith, and employed a competent person, who obtained what he believed to be the requisite number of valid consents; and (2) that the owners of the premises of which valid consents were not obtained have now executed the proper consents. The difficulty about these defenses is that it has been held that, in the matter of procuring and filing consents, the question of the good faith of the applicant for a liquor tax certificate is not involved; that the law requires a certain number of consents; that he must procure and file the same at his peril, and, if he does not do so, the fact that he acted in good faith is no defense or protection. It has also been held that the requisite number of consents must be filed at the time the application for the liquor tax certificate is made, and that, if they are not procured and filed at that time, consents subsequently made cannot be considered upon an application of this kind. I am therefore constrained, by repeated decisions heretofore made, to grant the application to cancel the liquor tax certificate; but as it is apparent that Murphy acted in good faith, and that it was not his fault that the consents were not procured and filed, and as the charge of selling liquor on Sunday is not established by a preponderance of evidence, and as I think that the cancellation of his certificate under these circumstances is a penalty sufficiently severe, costs will not be allowed against him.

Application granted, without costs.